# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| IN RE | Chapter 13 |
| MALONE, John | Case No. 24-10885-CJP |
| Debtor(s) | |

## TRUSTEE'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

Now comes Carolyn Bankowski, Standing Chapter 13 Trustee, and respectfully objects to the confirmation of the Debtor's Chapter ,13 Plan (the "Plan"), and for reasons therefore says as follows:

1. The Debtor commenced this case by filing a petition on May 8, 2024.
2. On June 12, 2024, the Trustee presided over a 341 meeting of creditors and examined the Debtor.
3. On June 5, 2024, the Debtor filed the Plan. The Trustee cannot recommend the Plan for confirmation at this time.
4. The Plan proposed is a sale plan. The treatment of the mortgage claims is inconsistent in the Plan. Part 8 proposes to pay the claims from the sale of the real estate but Part 3.A. proposes a cure and maintain treatment. The Debtor must pick one treatment for the claims. Further, the City of Boston real estate tax claim is listed to be cured through the Plan in Part 3.A. but if it is to be paid at sale such treatment should be included in Part 8 of the Plan.
5. The Plan also states that it is a "pot" plan. The Trustee objects to the "pot" of $29,370.04. According to the Liquidation Analysis, the Debtor has non-exempt equity of $587,741.77.The Plan must be a fixed percentage of 100% . The Plan does not satisfy the best interests of creditors test set forth in 11 U.S.C. §1325(a)(4).
6. The term of the Plan is inconsistent. Part 2A proposes a term of 36 months but Exhibit 1, Line i) provides for a term of 1 month with a lump sum payment of $208,476.00. Part 2A and Exhibit 1 should match.
7. Finally, according to Schedule I and J, the Debtor has insufficient income to fund the Plan. Schedule J shows (-$1,436.73). The Debtor is required to have disposable income sufficient to fund a Plan. The Debtor is not eligible to be in a Chapter 13. See 11 U.S.C.§109(e). Further, Part 2.A. fails to propose any

monthly plan payments pending the sale of the property. The Debtor needs to propose monthly plan payments pending the sale and the monthly plan payments must be sufficient to provide for no less than $5.00 per month during the administration of the Plan. See 11 U.S.C §330(c).

**WHEREFORE** the Chapter 13 Trustee respectfully requests that the Court sustain her objection to confirmation, and for such other relief as is appropriate.

Dated: 6/18/24

    Respectfully submitted,

    By: /s/ Carolyn Bankowski
    Carolyn Bankowski, BBO#631056
    Patricia A. Remer, BBO#639594
    Standing Chapter 13 Trustee
    PO Box 8250
    Boston, MA  02114
    (617) 723-1313
    13trustee@ch13boston.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br>MALONE, John<br><br>                       Debtor(s) | Chapter 13<br>Case No. 24-10885-CJP |

**Certificate of Service**

    The undersigned hereby certifies that on 6/18/24, a copy of the Trustee's Objection to Debtor's Chapter 13 Plan was served via first class mail, postage prepaid or by electronic notice on the debtor and debtor's counsel at the addresses set forth below.

John Malone
28 Savin Hill Avenue
Dorchester, MA  02125

Glenn Russell, Esquire
38 Rock Street, Ste. 12
Fall River, MA  02720


                                                                   /s/ Carolyn Bankowski