UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 24-10885-CJP |
|---|---|
| John Malone | Chapter 13 |

**OBJECTION OF THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW
YORK SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE
CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST,
SERIES 2005-F TO DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN**

Now comes The Bank of New York Mellon FKA The Bank of New York Successor Indenture
Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders of the CWHEQ
Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F ("Secured Creditor") and hereby files
this Objection to the Debtor's First Amended Chapter 13 Plan.  As grounds for said Objection, Secured
Creditor states the following:

1.   Secured Creditor is/was the holder of a mortgage encumbering the property located at *26 Savin Hill
Avenue, Dorchester (Boston), MA 02125* (the "Property"), originally given by John Malone (the
"Debtor") to Mortgage Electronic Registration Systems, Inc., as nominee for MBNA America
(Delaware), N.A. (the "Mortgage").  The Mortgage is dated July 22, 2005, and is recorded in Suffolk
County Registry of Deeds in Book 37778, Page 260.  Thereafter, the Mortgage was assigned to Secured
Creditor.  Bank of America, N.A. is the current servicer for this loan on behalf of Secured Creditor.

2.   The Mortgage secures(d) a promissory note/home equity line credit agreement given by the Debtor to
MBNA America (Delaware), N.A. in the original principal amount of $23,256.00 (the "Note").

3.   The Debtor's Chapter 13 Petition was filed on May 8, 2024.

4.   On April 23, 2024 (prior to the filing of the Debtor's Chapter 13 Petition), a foreclosure sale by
public auction was held relative to the subject property, at which time a third party was the successful first
high bidder with a purchase price of $1,050,000.00. A closing of said purchase has not yet occurred, so
the requisite documents memorializing same have not yet been recorded in the applicable Registry of
Deeds, though an affidavit from the presiding auctioneer at said sale was recorded on May 13, 2024, in
Suffolk County Registry of Deeds in Book 70164, Page 306.

5.   On or about July 8, 2024, Secured Creditor filed a timely Proof of Claim [Claim No. 4-1] setting forth
a total debt claim of $26,393.49, inclusive of an accrued contractual mortgage arrearage from October 25,
2022 through and including April 25, 2024. [*A total debt claim was filed because the purchase resulting
from the sale has not yet closed, and consequently, a deficiency claim (if any) cannot yet be determined.]

6.   On or about July 8, 2024, the Debtor filed a First Amended Chapter 13 Plan [Doc. No. 39].  Part 3 of
the Debtor's six (6) month Plan purports to provide for the payment of $20,577.00 to Secured Creditor
through the Plan. [*This amount is identified as a pre-petition arrearage, but presumably represents the
total debt amount owed to Secured Creditor.]  Part 8 of the proposed Plan further indicates, inter alia, that
the Debtor intends seek to have any alleged foreclosure of the subject property invalidated by the Court in
an adversary proceeding (not yet filed) and that the Debtor will then list the subject property for sale with

the intention of selling same over the duration of the Plan, with a portion of the proceeds from the intended sale being used to satisfy the total debt owed to Secured Creditor.

7.   It has long been held that "Section 1322(c)(1) of the Bankruptcy Code allows a debtor to cure his or her default under a mortgage unless the property has been sold at a foreclosure sale which was conducted in accordance with applicable state law." In re Mellino, 333 B.R. 578 (Bankr. Mass. 2005), *citing* In re Crichlow, 322 B.R. 229, 234 (Bankr. Mass. 2004). Furthermore, "numerous district courts and bankruptcy courts (including the bankruptcy courts for the districts of Massachusetts, Rhode Island, and Maine) agree that a 'straightforward reading' of the [relevant foreclosure] statute compels the conclusion that: (1) the phrase, 'sold at a foreclosure sale,' means 'the cut-off point is when the gavel comes down on the last bid at the foreclosure sale'; and (2) the phrase, 'that is conducted in accordance with applicable nonbankruptcy law,' qualifies 'foreclosure sale' and requires the sale to be carried out as provided for by nonbankruptcy law." In re Vertullo, 610 B.R. 399, 410-411 (B.A.P. 1st Cir. 2020), *citing* In re Crawford, 232 B.R. 92, 96 (Bankr. N.D. Ohio 1999).  *See generally* In re Beeman, 235 B. R. 519 (Bankr. N.H. 1999).  In Massachusetts, this "applicable state law" is M.G.L. ch. 244.

8.   Secured Creditor maintains that the proposed Plan is wholly devoid of any substantiation for the Debtor's suggestion that the so-called "gavel rule" set forth above should be ignored and the foreclosure sale by auction held on April 23, 2024 avoided, despite it having been appropriately completed in accordance with governing state law and the Statutory Power of Sale as set forth in the Mortgage's default provisions.

9.   Assuming that the Debtor can appropriately treat Secured Creditor's claim as stated in Part 8 of the proposed Chapter 13 Plan (and avoid the underlying foreclosure)—which Secured Creditor asserts that it cannot—Secured Creditor asserts that the proposed Amended Chapter 13 Plan is defective insofar as it fails to appropriately provide for the cure of the full amount(s) owed to Secured Creditor along with the maintenance of post-petition payment obligations pursuant to the due date set forth in the Note, and per the explicit terms of the Note and Mortgage at issue; accordingly, the proposed Plan violates (or would violate) 11 U.S.C. § 1322(b)(5).

10. Further, Secured Creditor states that as of the date of this Objection, the Debtor has not filed a Motion to Employ Real Estate Broker, nor has a Motion to Sell the Property been filed.  Furthermore, while the Debtor's Plan implies that the Property is to be sold free and clear of all liens and encumbrances, there is no indication at this time that any sale price will be more than the full payoff amount due on Secured Creditor's claim.  Accordingly, at this time, the sale of the Property is entirely speculative (and remote at best, for the reasons set forth above).  Accordingly, Secured Creditor asserts that should the Debtor be entitled to provide for Secured Creditor's claim in a manner that would be appropriate pre-foreclosure, the Debtor should do so by including clear and appropriate provisions for both the total pre-petition arrears (estimated at $9,161.75) and continued post-petition payments ($47.91 per month comprised solely of principal and interest components) in Part 3 of the proposed Plan until such time that the Debtor is able to sell the Property in full satisfaction of Secured Creditor's claim.  In the alternative, the Debtor may elect to surrender the Property for the benefit of Secured Creditor, but should not be obliged to attempt to sell the subject property presently proposed.

11. Secured Creditor reserves the right to amend this Objection and/or further object to this Plan and/or any further Amended Plan filed by the Debtor in the event that the Debtor seeks to alter the Part 8 language (e.g. regarding foreclosure avoidance and/or a speculative third-party sale of the Property) in a manner not contemplated by the Code and/or approved by Secured Creditor beforehand.

WHEREFORE, Secured Creditor respectfully requests that the Court:

(1)      Withhold confirmation of the Debtor's First Amended Chapter 13 Plan until the Debtor files a further Amended Plan which addresses this Objection; and/or

(2)      Grant such other relief as the Court deems just and proper.


Dated:  July 10, 2024

> Respectfully submitted,
> The Bank of New York Mellon FKA The Bank of New York Successor Indenture Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F
> By its attorney,
>
> /s/ Marcus E. Pratt
> Marcus E. Pratt, Esquire
> BBO #684610
> Korde & Associates, P.C.
> 900 Chelmsford Street, Suite 3102
> Lowell, MA 01851
> Tel: (978) 256-1500
> bankruptcy@kordeassociates.com

23-042505 / BK01

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 24-10885-CJP |
|--------|--------------------------|
| John Malone | Chapter 13 |

**CERTIFICATE OF SERVICE**

I, Marcus E. Pratt, Attorney for **The Bank of New York Mellon FKA The Bank of New York Successor Indenture Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F** hereby certify that on July 10, 2024, I electronically filed the foregoing *Objection to Debtor's First Amended Chapter 13 Plan* with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Richard King, Assistant U.S. Trustee
Carolyn Bankowski, Trustee
Glenn F. Russell, Jr., Esquire

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

John Malone
26 Savin Hill Avenue
Dorchester, MA 02125

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
BBO #684610
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com