**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| In re: | |
|---|---|
| JOHN MALONE, Debtor. | Chapter 13 Case No. 24-10885-CJP |

**TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION**
**TO APPROVE SALE OF REAL PROPERTY**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), files this Limited Objection to the Debtor's Motion to Sell Property (the "Motion"), as follows:

1. The Motion fails to comply with MLBR Rule 6004-1 and App. 1, Rule 13-14. The Motion fails to state the terms of the sale, fails to attach a copy of the Purchase and Sale Agreement, and fails to include a complete distribution of the proceeds of the sale.

2. In addition, the Motion is unclear as to whether the Trustee will be paid her commission on the balance of the secured claims that will be paid from the proceeds. Since the Debtor's proposed Chapter 13 plan states that the secured claims of Federal Home Loan and Bank of NY Mellon are be paid through the Trustee, the Trustee requests that sufficient funds be disbursed to her at closing to pay these claims in full[1].

3. In the alternative, and to simplify the recording of documents, the Trustee would agree to allow the closing agent to disburse the secured amount owed to Federal Home Loan and Bank of NY Mellon provided the Trustee is authorized to take her commission of $7,690.06 (per proof of claim) on the Federal Home Loan claim and

---

[1] The amended plan filed on July 8, 2024 provides for payment of the arrears claims through the plan but also appears to provide for them to be paid from a sale. It is not clear which treatment the Debtor intends but the plan calculation includes the arrears claims.

$2,932.61 (per proof of claim) on the Bank of NY Mellon claim for a total commission of $10,622.67.

4. Further, the Motion appears to state that all creditors will be paid a 100% dividend from the sale proceeds, but the Motion is not clear how these creditors will be paid. The Debtor has not claimed an exemption in the property being sold and therefore all proceeds are non-exempt. Any allowed priority, administrative or general unsecured claim must be paid through the Trustee and cannot be paid directly from the sale. The Debtor will need to turn over sufficient proceeds to allow the Trustee to pay all allowed claims a 100% dividend.

5. Finally, the Debtor will be required to file amended schedules and a further amended plan to reflect the change in circumstances as a result of the sale and to provide for a 100% dividend to all creditors.

WHEREFORE, the Trustee respectfully requests that the Court schedule a hearing on the Motion and grant such other relief as this Court deems appropriate.

Dated:  December 18, 2024    Respectfully submitted,

Carolyn A. Bankowski
/s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer, BBO#639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0022
(617) 723-1313
13trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br>    JOHN MALONE,<br>                                    Debtor. | Chapter 13<br>Case No. 24-10885-CJP |

Certificate of Service

The undersigned hereby certifies that on December 18, 2024, a copy of the Trustee's Limited Objection to Debtor's Motion to Sell Property was served via first class mail postage prepaid, or by electronic notice, upon the debtor and debtor's counsel at the addresses set forth below.

| | |
|---|---|
| John Malone<br>28 Savin Hill Avenue<br>Dorchester, MA 02125 | Glenn F. Russell, Jr.<br>Glenn F. Russell, JR., ESQ.<br>38 Rock Street<br>Suite #12<br>Fall River, MA 02720 |

/s/ Patricia A. Remer
Patricia A. Remer, BBO#639594

3