**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In Re:

    John Malone,                                            Chapter 13
                                                                Case No. 24-10885

    Debtor

---

**FIRST INTERIM FEE APPLICATION OF THE LAW FIRM OF ULLIAN AND ASSOCIATES, P.C. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR**

The Law Firm of Ullian & Associates, P.C. ("Ullian"), counsel to John Malone ("Debtor"), hereby makes application to this Court, pursuant to Section 330 of Title 11 United States Code ("Bankruptcy Code") and Local Bankruptcy Rule 2016-1 for an allowance of compensation in the amount of $10,135.65 for services rendered which includes $318.15 of expenses. In support of this application, Ullian provides the following information:

**PROCEEDINGS**

1. On May 8, 2024, Debtor filed a voluntary petition for reorganization under Chapter 13 of the Bankruptcy Code. On that same date, an Order for Relief was entered. Debtor retained Ullian on April 11, 2025.

2. This application presents the following detailed statement of services in support of Ullian's Request for Compensation:

    a. A detailed summary highlighting the services rendered by each attorney for and on behalf of the Debtor;

    b. A biographical sketch of each attorney performing services (Exhibit A);

    c. A detailed description of the number of hours expended by each attorney, his/her respective and customary hourly rate as per the applicable time period, and the amount of compensation incurred (Exhibit B);

    d. A detailed listing of all expenses and disbursements (Exhibit C); and

    e. The Fee Agreement (Exhibit D).

3. The above and foregoing narrative and supplemental exhibits should provide enough

specificity for the Court to evaluate the services provided by Ullian and enable the Court to find as follows: that the services, as detailed herein, were actual, necessary and valuable to the estate; that the time expended by each attorney and amount of compensation sought are justifiable and reasonable; that the services provided were strictly legal in nature and that each legal task was delegated to each attorney commensurate with his/her experience.

4. The detailed summary of all legal services performed by Ullian should merit the Court awarding Ullian the full amount of compensation requested herein.

5. The broad range of services (primarily in insolvency, reorganization, and workout) practiced by Ullian, and the law firm's knowledge and experience in these matters, rendered Ullian uniquely qualified to confront the issues presented in this case, to resolve them quickly and efficiently, and to work effectively with creditors.

6. The fee requested by Ullian represents the number of hours worked by its attorneys billed at the hourly rate then applicable to Ullian's bankruptcy clients alike, and reflects the factors to be considered in determining a reasonable fee; e.g., Boston and Maine Corp. v. Moore, 776 F.2d 2, 6-7 (1st Cir. 1985); Furtado v. Bishop, 635 F.2d 915, 919-20 (1st Cir. 1980). These factors include the following:

    a. The time and labor required. Exhibit A and B set forth in detail the time and labor expended by Ullian's attorneys in the representation of the Debtor from the beginning of the case through present. Ullian submits that the number of hours expended are reasonable and necessary in the light of the nature of Debtor's financial situation. Ullian further submits that the firm's time reflects no duplication of effort.

    b. Novelty and the difficulty of the questions involved. The legal services required in this case presented the challenge to enable the Debtor - who was under severe financial pressure, had various health issues, and with a very low offer on his real estate – to void that sale and ultimately sell his home for significantly more money and file a feasible Amended Plan with at 100% dividend to unsecured creditors. The legal services included addressing Objections to Plan, Opposition to a Motion for Relief, including the City of

Boston services in discussions to benefit Debtor, Motion to Employ Special Counsel, Motion to Sell, and submitting a further feasible Amended Plan.

    c. <u>Skill necessary to perform the legal services.</u>  These proceedings required expertise in bankruptcy, the Bankruptcy Code and bankruptcy procedure.  This matter required substantial time and effort to ultimately resolve this favorably for Debtor, and time was of the essence as counsel was coming into the case as successor counsel.

    d. <u>Customary fee.</u>  The hourly rates requested herein are those regularly charged to all of Ullian's clients in Bankruptcy and non-bankruptcy matters alike and are consistent with those charged by comparable law firms concentrating in insolvency and reorganization matters in the Boston metropolitan area.  It should be noted Attorney John Ullian agreed to charge $375.00 per hour at the inception of this case and Attorney Amy Puliafico charged $320.00 per hour at the inception of this case.

    e. <u>Whether the fee is fixed or contingent.</u>  Ullian's agreement with the Debtor was that Ullian would be compensated for services rendered and expenses incurred based on an hourly fee allowed by the Court.  Ullian did not agree to represent the Debtor on a contingent fee basis.

    f. <u>The experience, reputation, and ability of the attorneys.</u>  Set forth in Exhibit B attached hereto is a listing of Ullian's attorneys who have rendered services in this case.  Also set forth in Exhibit B are the hourly rates of these attorneys.  The Bankruptcy Court in this district is familiar with the reputation and skill of this law firm.  The attorneys involved in this case have had substantial experience in insolvency, reorganization and bankruptcy law.

7. There is no agreement or understanding between Ullian or any other person for the sharing of compensation requested in this application.

**WHEREFORE,** The Law Firm of Ullian & Associates, P.C. requests, pursuant to 11 U.S.C. Section 330, allowance of compensation in the amount of $9,816.50 for services rendered

by The Law Firm of Ullian & Associates, P.C. as counsel for the Debtor and reimbursement of $318.15 in expenses. This balance will be paid though Debtor's Amended Chapter 13 Plan.

Respectfully submitted this 9th day of October, 2025.

                                      The Law Firm of Ullian & Associates, P.C.

                                      <u>/s/ John Ullian</u>
                                      John Ullian, Esq.
                                      220 Forbes Road, Suite 106
                                      Braintree, MA 02184
                                      (781) 848-5980
                                      BBO # 542786

## EXHIBIT A
## John Malone
## 24-10885

## BIOGRAPHICAL SKETCHES OF ATTORNEYS

### JOHN ULLIAN

John Ullian received his law degree from University of Toledo Law School, a Masters in Education from Northeastern University, and in 2006 obtained his Doctorate in Education from Boston University. He is licensed to practice in both Massachusetts and Florida, and is a member of the Massachusetts Bar Association. John was an arbitrator with the Massachusetts Bar Association Legal Fee Arbitration Board for over 20 years. John was appointed, effective January 1, 2020, as a hearing officer by the Board of Bar Overseers. He was reappointed January 1, 2023.

John also taught as an adjunct professor at Simmons College in its graduate school program in education, taught at Boston University in its graduate school program in education, and at Curry College in its paralegal program.

*Publications*
- John Ullian and Amy Puliafico co-authored the book, In Debt? Help Is On The Way, 2nd Edition, published 2018.

- John Ullian and Amy Puliafico co-authored the book, Divorce, A Hand-holding Consumer's Guide To The Divorce Process, 2nd Edition, published 2017.

- John Ullian authored the book, Legal Issues Of Public School Administrators In Massachusetts, published 2023.

### AMY PULIAFICO

Amy Puliafico received her law degree from Suffolk University in 2011. While at Suffolk Law, Amy was a member of the Journal of High Technology Law. Prior to attending law school, Amy graduated cum laude from Boston University in 2008 with her bachelor's degree in history. She is licensed to practice law in Massachusetts and Rhode Island. Amy was a panelist at the Boston Bar Association's 2024 Bankruptcy Bench Meets Bar.

*Publications*
- John Ullian and Amy Puliafico co-authored the book, In Debt? Help Is On The Way, 2nd Edition, published 2018.

- John Ullian and Amy Puliafico co-authored the book, Divorce, A Hand-holding Consumer's Guide To The Divorce Process, 2nd Edition, published 2017.

- Journal of High Technology Law, *"Offshore Wind: What Steps Need to be Taken to Ensure it has a Future in America",* December 2011, 12 J. High Tech. L. 330.

**EXHIBIT B**
**John Malone**
**24-10885**

| **Attorney** | | | | **Rate** | |
|---|---|---|---|---|---|
| John Ullian (JU) | | | | $375.00 | |
| Amy Puliafico (AP) | | | | $320.00 | |

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 3/24/25 | JU | Telephone call with Attorney Russell. | N/C | $0.00 |
| 4/8/25 | AP | Reviewed docket. Reviewed email from Trustee, replied, and reviewed her response. | N/C | $0.00 |
| 4/11/25 | JU | Office conference with client and friend; notes. Sent correspondence to client with follow up questions. Mailed Notice of Appearance and telephone call to Attorney Russell. | 3.0 | $1,125.00 |
| 4/11/25 | AP | Drafted and filed Notice of Appearance. Sent email to Attorney Pratt, reviewed his response. | .3 | $96.00 |
| 4/14/25 | AP | Reviewed email from Attorney Pratt and replied. Drafted and filed Motion to Continue Hearing. Reviewed Court Order. | .4 | $128.00 |
| 4/14/25 | JU | Mailed copies of Motion. Reviewed email from client's friend and replied. Reviewed email from Attorney Russell. | .3 | $112.50 |
| 4/15/25 | AP | Reviewed Court Order. | .1 | $32.00 |
| 4/17/25 | JU | Two telephone calls with client. | .3 | $112.50 |
| 4/17/25 | AP | Prepared notes for hearing. Travel to and from Bankruptcy Court. At Court for hearing. Discussion with client afterwards. Left voicemail for Attorney Miller (potential real estate attorney). | 2.7 | $864.00 |
| 4/18/25 | AP | Reviewed email from Attorney Miller and replied. Reviewed Court Order | .1 | $32.00 |
| 4/18/25 | JU | Left voicemail for client. | N/C | $0.00 |
| 4/22/25 | JU | Reviewed court Order, telephone call with Attorney Miller and reviewed his email. | .5 | $187.50 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 4/23/25 | JU | Left voicemail for client. | N/C | $0.00 |
| 4/23/25 | AP | Telephone call with Attorney Miller (Real estate attorney) for client. | .3 | $96.00 |
| 4/24/25 | JU | Sent correspondence to client. | .1 | $37.50 |
| 4/25/25 | AP | Reviewed email from Attorney Pasciucco and replied. | .1 | $32.00 |
| 4/29/25 | JU | Left voicemail for client and sent correspondence to client. | .1 | $37.50 |
| 4/30/25 | AP | Emails with Attorney Miller. | .1 | $32.00 |
| 5/2/25 | JU | Office conference with client; notes. | .4 | $150.00 |
| 5/5/25 | JU | Reviewed email from client's friend and from Attorney Coppo. | .1 | $37.50 |
| 5/6/25 | JU | Two telephone calls with Attorney Coppo. | .4 | $150.00 |
| 5/6/25 | AP | Emailed Attorney Coppo, drafted Motion to Extend and telephone call with Attorney Coppo. | .4 | $128.00 |
| 5/7/25 | JU | Mailed Motion to Extend. | .1 | $37.50 |
| 5/7/25 | AP | Emailed with Attorney Coppo. Drafted Motion to Employ with Affidavit. Emailed with Almaz. | .7 | $224.00 |
| 5/8/25 | AP | Emails with Attorney Coppo, finalized Motion to Employ and filed. Reviewed Court Order. | .3 | $96.00 |
| 5/12/25 | AP | Reviewed email from Attorney Coppo and replied. | .1 | $32.00 |
| 5/13/25 | AP | Reviewed email from Attorney Coppo and replied. | .1 | $32.00 |
| 5/15/25 | JU | Telephone call with client. | .1 | $37.50 |
| 5/20/25 | JU | Client did not appear at meeting, called and sent email. | .1 | $37.50 |
| 5/21/25 | JU | Reviewed draft letter to client and made revisions, reviewed Statement of Counsel and made revisions. | .5 | $187.50 |
| 5/21/25 | AP | Reviewed email from Attorney Pasciucco and replied. | .1 | $32.00 |
| 5/22/25 | AP | Finalized and filed Statement of Debtor's Counsel. | .3 | $96.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 5/22/25 | JU | Reviewed breakdown of sale proceeds. Office conference with client; notes. | .7 | $262.50 |
| 5/23/25 | AP | Reviewed email from Attorney Pratt and replied. | .1 | $32.00 |
| 5/28/25 | AP | Sent email to client's friend regarding hearing. Reviewed Court Orders and emailed Clerk to joint hearing remotely. | .1 | $32.00 |
| 5/29/25 | AP | Reviewed Court Orders. | .1 | $32.00 |
| 5/30/25 | AP | Sent correspondence to client regarding upcoming hearing. | .1 | $32.00 |
| 6/2/25 | JU | Reviewed email from client's friend, replied, reviewed his response and replied. | .2 | $75.00 |
| 6/3/25 | AP | Reviewed email from Attorney Pratt and replied. Reviewed Motion and Court Order. | .1 | $32.00 |
| 6/4/25 | AP | Multiple emails with Attorney Coppo regarding payoffs and life estate terms. Reviewed all claims to estimate total amount needed to close | .6 | $192.00 |
| 6/4/25 | JU | Telephone call with Attorney Russell. Reviewed correspondence from Joe Lilly and sent correspondence to client's friend regarding payoff information. | .2 | $75.00 |
| 6/5/25 | AP | Sent email to client with payoff estimates. Reviewed email form client's friend and replied. | .4 | $128.00 |
| 6/5/25 | JU | Reviewed emails from client's friend. Reviewed file and made notes for hearing; Zoom Court Hearing; notes. | 1.3 | $487.50 |
| 6/6/25 | AP | Sent update to Attorney Coppo and reviewed his response. Reviewed Court Order. | .2 | $64.00 |
| 6/9/25 | JU | Reviewed correspondence from client's friend and replied. | .2 | $75.00 |
| 6/10/25 | AP | Reviewed email from Attorney Silva and sent email to client. Sent email to Attorney Pratt. | .1 | $32.00 |
| 6/16/25 | JU | Reviewed emails from client's friend and replied. | .2 | $75.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 6/17/25 | JU | Reviewed email from client's friend and replied. Reviewed file and made notes. Telephone call with client. Telephone call with Elsie Diaz. Zoom Hearing with client. Follow up discussion with client. Reviewed email from Attorney Pasciucco and replied. | 2.0 | $750.00 |
| 6/17/25 | AP | Reviewed Court Order and Notice of Appearance. | .1 | $32.00 |
| 6/26/25 | JU | Telephone call with Elsie Diaz. | .2 | $75.00 |
| 6/30/25 | AP | Telephone call with John Meany (City of Boston) and client. Telephone call with Attorney Pasciucco. Telephone call to Attorney Coppo and sent follow up email. Reviewed email from Attorney Pratt and replied. Reviewed Notice of Appearance. | .4 | $128.00 |
| 7/2725 | AP | Emailed Attorney Pratt. | .1 | $32.00 |
| 7/2/25 | JU | Telephone call from client. Called him back to provide information, but no answer. | .2 | $75.00 |
| 7/3/25 | AP | Reviewed response and replied. Reviewed Motion and Order. Drafted and filed Motion to Withdraw Motion to Sell. | .4 | $128.00 |
| 7/7/25 | AP | Reviewed email from D'Angola and replied. Reviewed Court Orders. | .1 | $32.00 |
| 7/8/25 | AP | Reviewed emails from Attorney Pasciucco and Clifford and replied. | .1 | $32.00 |
| 7/28/25 | JU | Called client, voicemail is full. Sent him an email. Reviewed correspondence from Attorney Russell regarding refunded deposit. | .2 | $75.00 |
| 8/5/25 | AP | Emailed Attorney Coppo and reviewed his response. Reviewed email from Attorney Pratt and replied. | .2 | $64.00 |
| 8/13/25 | AP | Multiple emails with Attorney Coppo. Review file and notes, then telephonic Hearing. | .4 | $128.00 |
| 8/13/25 | JU | Left voicemail for client. Left voicemail for John Meanu from City of Boston. | .1 | $37.50 |
| 8/14/25 | AP | Reviewed email from Attorney Silva and telephone call | .2 | $64.00 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| | | with him. | | |
| 8/15/25 | AP | Reviewed Proof of Claims and outlined required payments from sale proceeds. | .4 | $128.00 |
| 8/19/25 | AP | Emailed Attorney Coppo, reviewed his response and emailed client. | .1 | $32.00 |
| 8/21/25 | AP | Left voicemail for client. | .1 | $32.00 |
| 8/26/25 | AP | Sent email to Attorney Coppo. | .1 | $32.00 |
| 8/27/25 | AP | Reviewed Motion for Relief. Reviewed email from Attorney Pasciucco and replied. | .2 | $64.00 |
| 8/29/25 | AP | Sent correspondence to client. | .1 | $32.00 |
| 9/3/25 | AP | Left voicemail for client and sent him email. | .1 | $32.00 |
| 9/8/25 | AP | Reviewed email from Attorney Coppo and checked Registry. Emailed with Attorneys Coppo and Clifford. Called client –no answer. Telephone call with Attorney Smith. | .4 | $128.00 |
| 9/9/25 | AP | Telephone call with John Meany (from City of Boston) and sent email to Attorney Coppo. Emails with Attorney Smith. | .2 | $64.00 |
| 9/10/25 | AP | Drafted and filed Opposition to Motion for Relief. Telephone call with Attorney Coppo. Telephone call with Trustee. Researched Mr. O'Callaghan's address. | .7 | $224.00 |
| 9/11/25 | AP | Reviewed email from Attorney Coppo and draft P&S Agreement and replied. | .1 | $32.00 |
| 9/12/25 | AP | Reviewed notice of hearing. | .1 | $32.00 |
| 9/15/25 | AP | Reviewed email from Attorney Smith and replied. Sent email to Attorney Coppo. Telephone call with Attorney Pasciucco. Correspondence to Mr. O'Callaghan. Emailed Attorney Coppo. | .6 | $192.00 |
| 9/19/25 | AP | Emails with Attorney Coppo. | .2 | $64.00 |
| 9/25/25 | AP | Emails with Attorney Coppo. Sent follow up email to Mr. O'Callaghan. | .2 | $64.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 10/1/25 | AP | Reviewed email and document from Pasciucco and replied. | .1 | $32.00 |
| 10/6/25 | AP | Reviewed email from Attorney Pasciucco and replied. Sent email to Attorney Coppo, reviewed his response, and replied. | .2 | $64.00 |
| 10/7/25 | AP | Drafted, filed, and mailed Motion to Sell with proposed Order. Reviewed email from Attorney Pasciucco and replied. | 1.0 | $320.00 |
| 10/7/25 | AP | Review of Claims and draft Amended Plan. | .5 | $160.00 |
| 10/8/25 | AP | Drafted and finalized Fee Application and Motion to Approve. | 1.0 | $320.00 |
| 10/9/25 | AP | Finalized, filed, and mailed Amended Plan with Motion to Amend. | .3 | $96.00 |
| Anticipated | AP | Drafting and filing Sale Report, communication with Trustee regarding excess sale funds. Communication with client regarding Discharge, drafting and filing Motion for Entry of Discharge. | .6 | $192.00 |
| Various | JU/AP | Numerous telephone calls with client not specified in billing and not charged, including discussion with elder law attorney. | N/C | $0.00 |

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| John Ullian | 11.5 | $375.00 | $4,312.50 |
| Amy Puliafico | 17.2 | $320.00 | $5,504.00 |
| Total | | | $9,816.50 |

**EXHIBIT C**
**John Malone**
**24-10885**

## Summary of Disbursements

| Description | Amount |
|---|---|
| Credit Counseling Fee (anticipated) | $15.00 |
| Motion to Sell Fee | $199.00 |
| Parking | $30.00 |
| Postage | $74.15 |
| **Total** | **$318.15** |

## Summary of Fees and Expenses

| | |
|---|---|
| Professional Services Rendered | $9,816.50 |
| Disbursements | $318.15 |
| **TOTAL** | **$10,135.65** |

**THE LAW FIRM OF**
**ULLIAN**
**& ASSOCIATES, P.C.**

JOHN A. ULLIAN, Ed.D., Esq.
Member MA and FL Bars

LEONARD ULLIAN, Esq.
(1932-2010)

AMY PULIAFICO, Esq.
Member MA and RI Bars

## BANKRUPTCY LEGAL SERVICES

I, John Malone, the "CLIENT", hereby agrees to retain The Law Firm of Ullian & Associates, P.C. in Braintree, MA, the "FIRM" in connection with Bankruptcy Case Number 24-10085-CJP.

1. The Firm has received $0.00 on account in this matter.

2. This fee shall be credited against legal services performed by the Firm for the Client, which services shall be charged at the following rates **AND AS APPROVED BY THE COURT.**

    **$375.00 per hour for John Ullian, Esq.**
    **$320.00 per hour for Amy Puliafico, Esq.**

3. Interim billings may be submitted to the Client from time to time in the event the time charges of the Firm exceed the initial payment on account, and the balance is subject to **APPROVAL BY THE COURT.**

4. The hourly time charges include but are not limited to: review of Court docket and prior pleadings and Court Orders, court appearances, telephone conference, office conferences, legal research, depositions, review of file materials and documents sent or received, preparation for hearings and conferences, drafting of motions, pleadings or instruments, correspondence and office memoranda.

5. The Client agrees to assume and reimburse the Firm for all out-of-pocket disbursements incurred in connection with this matter.

6. The Attorney will forward to the Client copies of pertinent correspondence, pleadings and other material whenever practicable.

7. The Firm will maintain the Client's file for six years after this matter is concluded. The Client may request the file at any time during, upon conclusion of, or after conclusion of, this matter. Six years after the conclusion of this matter, the file may be destroyed without further notice to the Client.

220 Forbes Road, Suite 106, Braintree, MA 02184  781-848-5980
info@ullianlaw.com  www.UllianLaw.com

8. Client must fully cooperate with Attorney in this matter. Client must provide Attorney complete and true information relevant to this matter. If Client does not comply with these requirements, Attorney may withdraw from representing Client.

9. This serves as notice to Client that the Firm stores files and documents on cloud based services, which may include the Client files and all documentation provided or obtained in the within representation.

10. No advice is given on tax consequences: The Client agrees to seek such advice elsewhere and to hold the Firm harmless therefore.

**THIS IS A LEGALLY BINDING CONTRACT. IF NOT UNDERSTOOD, THE CLIENT SHOULD SEEK INDEPENDENT COUNSEL.**

We, the Client and the Firm, have read the above Fee Agreement on this 11th day of

April 2025 and understand its terms and both have

signed it as our free act an deed.

_____          _____
CLIENT                                                                  ATTORNEY FOR THE "FIRM"

_____
WTINESS
James Healy

**THE CLIENT ACKNOWLEDGES RECEIPT OF A COPY OF THIS AGREEMENT.**

_____
CLIENT