*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:  
    **John Malone**  
           Debtor(s)

Case No.: **24-10885**
Chapter 13

**CHAPTER 13 PLAN**

*Check one.* This plan is:
- [ ] Original
- [x] Amended *(Identify First, Second, Third, etc.)* SECOND
- [ ] Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*

Date this plan was filed: **October 9, 2025**

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A.   LENGTH OF PLAN:**

- [ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- [x] **17** Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

**Debtor can pay the Plan in full in 17 months**

**B.   PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|

| $100.00 | 3 |
|---|---|

### C. ADDITIONAL PAYMENTS:

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

☑ **The Debtor(s) will make additional payment(s) to the Trustee, as specified below.** *Set forth the amount, source (e.g., lump sums from sales/refinances, tax refunds), and date of each payment.*

| Additional Payment Amount | Source | Date of Payment |
|---|---|---|
| $35,691.00 | sale proceeds | Month 17 (November 2025) |

**The total amount of Payments to the Trustee [B+C]:**      **$35,991.00**.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3: SECURED CLAIMS

☑ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

## PART 4: PRIORITY CLAIMS

*Check one*

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑ **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

### A. DOMESTIC SUPPORT OBLIGATIONS:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

### B. OTHER PRIORITY CLAIMS (Except Administrative Expenses):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| MA DOR | taxes | $4,947.81 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $4,947.81**

### C. ADMINISTRATIVE EXPENSES:

#### (1) ATTORNEY'S FEES:

| Name of Attorney | Attorney's Fees |
|---|---|
| John Ullian, Esq. | $10,135.65 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

#### (2) OTHER *(Describe)*:

-NONE-

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $0.00**

#### (3) TRUSTEE'S COMMISSION:

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☐ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $__, which the Debtor(s) estimates will provide a dividend of __%.
☑ Fixed Percentage: each creditor with an allowed claim shall receive no less than **100** % of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:**                                                   $17,308.00

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS** *(e.g., student loans)*:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: $17,308.00

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $17,308.00

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS** *(e.g., co-borrower)*:

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*

**1. Administrative claims payable to The Law Firm of Ullian & Associates, P.C. shall be payable over the first 12 months after confirmation, subject to the provisions of Part 4.C.1.**
**2. The inclusion of a claim in this Plan is not an admission as to the amount of the claim, the Debtor reserves the right to object to the claim.**
**3. Debtor has filed a Motion to Sell his real estate at 26 Savin Hill Avenue, Boston, MA. Directly from the sale proceeds, he shall pay the secured claims of Boston Water and Sewer Commission, Bank of New York Mellon, and Federal Home Loan Mortgage Company in full. He shall then turn over all remaining sale proceeds to the Trustee to pay the Plan in full.**

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

**/s/ John Malone**                                                              **October 9, 2025**
**John Malone**                                                                  Date
Debtor


_____                                                        _____
Debtor                                                                           Date

**/s/ John Ullian, Esq.**                                           Date  **October 9, 2025**
Signature of attorney for Debtor(s)
**John Ullian, Esq. 542786**
**542786 MA**
**The Law Firm of Ullian & Associates, P.C.**
**220 Forbes Road, Suite 106**
**Braintree, MA 02184**
**781-848-5980**
**john@ullianlaw.com**

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment\***
☑ Exhibit 2: Liquidation Analysis\*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)\*\*
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption\*\*

*List additional exhibits if applicable.*

\*Denotes a required Exhibit in every plan
\*\*Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 6**

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $0.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $4,947.81 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $10,135.65 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $17,308.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $32,391.46 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $35,991.00 |
| i) | Divide (h), Cost of Plan, by term of Plan, **0** months: | |
| j) | Round **up** to the nearest dollar amount for Plan payment: | |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following:*

| | | |
|---|---|---:|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | $300.00 |
| l) | Subtract line (k) from line (h) and enter amount here: | $35,691.00 |
| m) | Divide line (l) by the number of months remaining (1 months): | $35,691.00 |
| n) | Round up to the nearest dollar amount for amended Plan payment: | $35,691.00 |

Date the amended Plan payment shall begin:    **November 1, 2025**

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

### A. REAL PROPERTY

| Address<br>*(Sch. A/B, Part 1)* | Value<br>*(Sch. A/B, Part 1)* | Lien<br>*(Sch. D, Part 1)* | Exemption<br>*(Sch. C)* |
|---|---|---|---|
| 26 Savin Hill Avenue<br>Dorchester, MA 02125<br>Suffolk County | 1,246,000.00 | 158,258.23 | 0.00 |

| | |
|---|---|
| Total Value of Real Property *(Sch. A/B, line 55)*: | $ 1,246,000.00 |
| Total Net Equity for Real Property *(Value Less Liens)*: | $ 1,087,741.77 |
| Less Total Exemptions for Real Property *(Sch. C)*: | $ 0.00 |
| Amount Real Property Available in Chapter 7: | $ 1,087,741.77 |

### B. MOTOR VEHICLES

| Make, Model and Year<br>*(Sch. A/B, Part 2)* | Value<br>*(Sch. A/B, Part 2)* | Lien<br>*(Sch. D, Part 1)* | Exemption<br>*(Sch. C)* |
|---|---|---|---|
| -NONE- | | | |

| | |
|---|---|
| Total Value of Motor Vehicles *(Sch. A/B, line 55)*: | $ 0.00 |
| Total Net Equity for Motor Vehicles *(Value Less Liens)*: | $ 0.00 |
| Less Total Exemptions for Motor Vehicles *(Sch. C)*: | $ 0.00 |
| Amount Motor Vehicle Available in Chapter 7: | $ 0.00 |

### C. ALL OTHER ASSETS *(Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)*

| Asset | Value | Lien<br>*(Sch. D, Part 1)* | Exemption<br>*(Sch. C)* |
|---|---|---|---|
| Chair, Sofa, Tables, Dishware, Silverware | 600.00 | 0.00 | 600.00 |
| Toaster, Refrigerator, TV, Stereo, computer | 300.00 | 0.00 | 0.00 |
| Painting, statue | 900.00 | 0.00 | 900.00 |
| Assorted Clothing | 250.00 | 0.00 | 250.00 |
| Shampoo, Soap, Razors | 75.00 | 0.00 | 75.00 |
| Cash | 11.47 | 0.00 | 11.47 |

| | |
|---|---|
| Total Value of All Other Assets: | $ 2,136.47 |
| Total Net Equity for All Other Assets *(Value Less Liens)*: | $ 2,136.47 |
| Less Total Exemptions for All Other Assets: | $ 1,836.47 |
| Amount of All Other Assets Available in Chapter 7: | $ 300.00 |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 *(Exhibit 2, A)* | $ 1,087,741.77 |
| B. Amount Motor Vehicles Available in Chapter 7 *(Exhibit 2, B)* | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 *(Exhibit 2, C)* | $ 300.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ 1,088,041.77 |

### E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

| |
|---|
| |

OLF3A (Official Local Form 3A)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:   John Malone

Case No.  24-10885
Chapter 13

Debtor(s)

## Instructions to Debtor(s):

A. Pursuant to MLBR, Appendix 1, Rule 13-4(b), the Debtor(s) or Debtor(s)'s attorney shall cause a copy of the Plan to be served by first class mail or other permitted means upon the Chapter 13 trustee, all creditors of the debtor, all attorneys who have filed a notice of appearance and request service of all pleadings, and other parties in interest (collectively referred to as the "recipients") using this form, Official Local Form 3A ("OLF 3A"). You must list each recipient's name and mailing address in the Certificate of Service.  Do not include account numbers or any personal identifier. See Fed. R. Bankr. P. 9037.

B. If in the Plan you request:

(1) to limit, modify, or determine the amount of a secured claim (you checked the box "Included" in Part 1, Line 1.1); and/or

(2) to avoid a judicial lien or nonpossessory, nonpurchase-money security interest (you checked the box "Included" in Part 1, Line 1.2 ),

you must, in addition to serving the Plan as set forth above in Section A and using OLF 3A, *ALSO* serve a copy of this Plan on the holder(s) of the affected claim(s) and any other entity the Court designates in the manner provided for service in accordance with Fed. R. Bankr. P. 7004, using the Affidavit of Service of Chapter 13 Plan, Official Local Form 3B ("OLF 3B").

C. If serving creditors only under Section A, file only OLF 3A with the Court after service is made. If serving creditors also under Section B, you must file both OLF 3A and OLF 3B with the Court after service is made.

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I/We hereby certify that on  10/9/25          (date) and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail  a copy of this Plan to the on the parties on the attached list.

By the Debtor(s):

/s/ John Ullian
Signature of Debtor(s)/attorney for Debtor(s)
John Ullian, Esq.  BBO: 542786
The Law Firm of Ullian & Associates, P.C.
220 Forbes Road, Suite 106
Braintree, MA 02184
781-848-5980
John@ullianlaw.com

```
Label Matrix for local noticing              American Building Construction, Inc.         Boston Water and Sewer Commission
0101-1                                       82 Union St.                                 980 Harrison Avenue
Case 24-10885                                Quincy, MA 02169-6973                        Boston, MA 02119-2530
District of Massachusetts
Boston
Thu Oct  9 08:58:26 EDT 2025

Chloe, LLC                                   NewRez LLC d/b/a Shellpoint Mortgage Servici  Boston
c/o Ehrhard & Associates, P.C.               Marinosci Law Group PC                       U. S. Bankruptcy Court
27 Mechanic Street, Suite 101                275 West Natick Road, Suite 500              J.W. McCormack Post Office & Court House
Worcester, MA 01068 United States 01608      Warwick, RI 02886-1161                       5 Post Office Square, Suite 1150
                                                                                          Boston, MA 02109-3945

Attn: Massachusetts Dept. of Revenue         Bank of America, N.A.                        Boston Water and Sewer Commission
Bankruptcy Unit                              475 Cross Point Pk                           P.O. Box 55466
PO Box 7090 Boston, MA 02204                 Getzville, NY 14068-1609                     Boston, MA 02205-5466

City of Boston Real Estate Tax               Discover Bank                                Fed Home Loan Mortgage Corp as Trustee
CITY OF BOSTON,  BOX 55808                   2479 Edison Blvd, Unity A                    26 Savin Hill Ave
Boston, MA 02205                             Twinsburg, OH 44087-2475                     Dorchester, MA 02125-4099

Fed Home Loan Mortgage Corp as Trustee       Federal Home Loan Mortgage Corp. Trustee (Se Federal Home Loan Mortgage Corp. Trustee for
c/o Specialized Loan Servicing               c/o Newrez LLC                               Freddie Mac Seasoned Credit Risk
P.O. Box 636005                              dba Shellpoint Mortgage Servicing            c/o Shellpoint Mortgage Servicing
Littleton, CO 80163-6005                     (fka Specialized Loan Servicing LLC)         PO Box 10826 Greenville
                                             6200 S. Quebec Street, Suite 300             Greenville, SC 29603-0826
                                             Greenwood Village, Colorado 80111-4720

Janet M. Mahoney                             National Grid                                Specialized Loan Servicing, LLC
Deputy General Counsel                       P.O. Box 371338                              Specialized Loan Servicing LLC
Boston Water and Sewer Commission            Pittsburgh, PA 15250-7338                    P.O. Box 636005
980 Harrison Avenue                                                                       Littleton, CO 80163-6005
Boston, MA 02119-2530

The Bank of NY Mellon Indenture Trustee      The Bank of New York Mellon                  Andrew Coppo
c/o Bank of America, N.A.                    c/o Bank of America, N.A.                    Greater Boston Title & Escrow LLC
475 Cross Point Pkwy PO Box 9000             P.O. Box 31785                               60 Adams Street
Getzville, NY 14068-9000                     Tampa, FL 33631-3785                         #207
                                                                                          Milton, MA 02186-3437

Carolyn Bankowski-13-12                      Elsie Dias                                   John Malone
Chapter 13-12 Trustee Boston                 Age Strong  Commission                       28 Savin Hill Avenue
P. O. Box 8250                               1 City Hall Square                           Dorchester, MA 02125
Boston, MA 02114-0950                        Boston, MA 02201-1020

John A. Ullian                               Richard King - B
The Law Firm of Ullian & Associates, P.C     Office of the US Trustee
220 Forbes Road, Suite 106                   J.W. McCormack Post Office & Courthouse
Braintree, MA 02184-2711                     5 Post Office Sq., 10th Fl, Suite 1000
                                             Boston, MA 02109-3934
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.