UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re: | Case Number 24-10885-CJP |
| John Malone | Chapter 13 |

**RENEWED (LIMITED) OBJECTION OF THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F TO DEBTOR'S AMENDED CHAPTER 13 PLAN**

Now comes The Bank of New York Mellon FKA The Bank of New York Successor Indenture Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F ("Secured Creditor") and hereby files this Renewed Objection to the Debtor's Amended Chapter 13 Plan of October 9, 2025 [Doc. No. 186]. As grounds for said Objection, Secured Creditor states the following:

1. Secured Creditor is the holder of a mortgage encumbering the property located at *26 Savin Hill Avenue, Dorchester (Boston), MA 02125* (the "Property"), originally given by John Malone (the "Debtor") to Mortgage Electronic Registration Systems, Inc., as nominee for MBNA America (Delaware), N.A. (the "Mortgage"). The Mortgage is dated July 22, 2005, and is recorded in Suffolk County Registry of Deeds in Book 37778, Page 260. Thereafter, the Mortgage was assigned to Secured Creditor. Bank of America, N.A. ("BANA") is the current servicer for this loan on behalf of Secured Creditor.

2. The Mortgage secures a promissory note/home equity line credit agreement given by the Debtor to MBNA America (Delaware), N.A. in the original principal amount of $23,256.00 (the "Note").

3. The Debtor's Chapter 13 Petition was filed on May 8, 2024.

4. On April 23, 2024 (prior to the filing of the Debtor's Chapter 13 Petition), a foreclosure sale by public auction was held relative to the subject property, at which time a third party was the successful first high bidder with a purchase price of $1,050,000.00. A closing of said purchase, however, did not occur, and the results therefrom have since been administratively rescinded by Secured Creditor and its agents. Nonetheless, and prior to said rescission, on July 8, 2024, Secured Creditor filed a timely Proof of Claim [Claim No. 4-1] setting forth a total debt claim of $26,393.49, inclusive of an accrued contractual mortgage arrearage from October 25, 2022 through and including April 25, 2024. [*A total debt claim was filed because the purchase resulting from the sale had yet closed at the time of filing, and consequently, a deficiency claim (if any) could not be determined.]

5. On or about October 9, 2025, the Debtor filed an Amended Chapter 13 Plan [Doc. No. 186]. Part 8 of the Debtor's seventeen (17) month Plan indicates that the Debtor intends to sell the Property, making no indication that the Debtor intends to pay any pre-petition arrears to Secured Creditor, or to continue to make post-petition payments to Secured Creditor during the pendency of this bankruptcy (notably in Part 3)—particularly during the period where any such sale may be pending.

6. Secured Creditor has no objection to the Debtor's proposed sale of the Property *per se*, but it, however, objects to the Debtor's proposed treatment of its claim in the proposed Plan insofar as the Debtor's Motion to Sell the Property remains pending at present [Doc. No. 183 filed on October 7, 2025]. Currently, Secured Creditor does not intend to object to said Motion, insofar as the proposed sale contemplates the full payoff of the debt owed to Secured Creditor. Even so, Secured Creditor is renewing its Objection to the prior iteration of the Debtor's Plan filed on July 10, 2024 [Doc. No. 42] for substantially similar reasons; said Objection remains scheduled for hearing on November 19, 2025 at 1:30PM.

7. Secured Creditor is filing this Objection to preserve its rights and interests in this case pending that adjudication of the Debtor's Motion to Sell the Property (as referenced above). Secured Creditor reserves the right to amend and/or supplement this Objection in the event that a sale of the Property as currently proposed is not consummated, given that the proposed Plan otherwise fails to provide for appropriate treatment of its claim (both pre and post-petition) if such sale does not occur resulting in the satisfaction of Secured Creditor's claim in full.

WHEREFORE, Secured Creditor respectfully requests that the Court:

(1) Withhold confirmation of the Debtor's Amended Chapter 13 Plan until the Debtor files a further Amended Plan which addresses this Objection (or in the alternative, pending completion of a sale of the Property consistent with the Motion at Doc. No. 183]; and/or

(2) Grant such other relief as the Court deems just and proper.

Dated: November 4, 2025

Respectfully submitted,
The Bank of New York Mellon FKA The Bank of New York Successor Indenture Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F
By its attorney,

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
BBO #684610
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

23-042505 / BK01

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| In Re:<br>John Malone | Case Number 24-10885-CJP<br>Chapter 13 |
|---|---|

**CERTIFICATE OF SERVICE**

I, Marcus E. Pratt, Attorney for **The Bank of New York Mellon FKA The Bank of New York Successor Indenture Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2005-F** hereby certify that on November 4, 2025 I electronically filed the foregoing *Renewed Objection to Debtor's Amended Chapter 13 Plan* with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Richard King, Assistant U.S. Trustee
Carolyn Bankowski, Trustee
John A. Ullian, Esquire

I certify that I have mailed by first-class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

John Malone
28 Savin Hill Avenue
Dorchester, MA 02125

Elsie Dias
Age Strong Commission
1 City Hall Square
Boston, MA 02201

    /s/ Marcus E. Pratt
    Marcus E. Pratt, Esquire
    BBO #684610
    Korde & Associates, P.C.
    900 Chelmsford Street, Suite 3102
    Lowell, MA 01851
    Tel: (978) 256-1500
    bankruptcy@kordeassociates.com