## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS (WORCESTER)

IN RE:

John Malone,

        Debtor.

Case No. 24-10885 (CJP)

Chapter 13

Re: Doc. 186

### OBJECTION TO CONFIRMATION OF DEBTOR'S
### SECOND AMENDED CHAPTER 13 PLAN

NOW COMES, Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2020-1 (together with its predecessors, successors, affiliates, principals, and assigns, "Creditor") a creditor and party in interest herein, and, by and through its undersigned counsel, hereby objects to the proposed Second Amended Chapter 13 Plan filed by John Malone ("Debtor").  As grounds, Creditor states as follows:

1. Creditor is the holder of a Secured claim holding a First Mortgage on Debtor's real property described as 26 Savin Hill Ave, Dorchester, MA 02125 (the "Property").

2. On October 9, 2025, the Debtor filed a proposed Second Amended Chapter 13 Plan [Doc. 186] (the "Amended Plan").

3. On May 31, 2024, Creditor filed its Proof of Claim (Claim 1-1).

4. Pursuant to Creditor's Claim, the amount of the claim that is secured is $125,799.01, with Arrears in the amount of $69,210.55.

5. Under Part 8 of Debtor proposed Second Amended Chapter 13 Plan, the Debtor list this property under nonstandard Plan Provisions and states that the Debtor has filed a Motion to Sell his real estate and directly from the sale proceeds, he shall pay the secured

claims of Creditor. However, it makes no indication that the Debtor intends to pay any pre-petition arrears to Secured Creditor, or to continue to make post-petition payments to Secured Creditor during the pendency of this bankruptcy (notably in Part 3) — particularly during the period where any such sale may be pending.

6. Creditor has no objection to the Debtor's proposed sale of the Property per se, but it, however, objects to the Debtor's proposed treatment of its claim in the proposed Plan, insofar as Debtor's Motion to Sell the Property remains pending at present [Doc. No. 183 filed on October 7, 2025] and the Plan does not provide for an alternative in the event the sale does not occur resulting in the satisfaction of Creditor's claim in full. Creditor filed a Response to Debtor's Motion to Sell Property [Doc. 196] and stated that it does not have an objection, so long as:

   i. the underlying loan is being paid in full as stated in a current payoff amount good through the date of closing;

   ii. adequate protection payments are made prior to the completion of the proposed sale;

   iii. Any sale amount short of the full payoff is subject to Creditor's preapproval;

   iv. Creditor is not required to release its lien until the outstanding mortgage loan balance is paid in full; and

   v. The proposed sale be completed within six (6) months from the date of the Order Granting this Motion.

7. Secured Creditor is filing this Objection to preserve its rights and interests in this case pending that adjudication of the Debtor's Motion to Sell the Property (as referenced above).  Creditor reserves the right to amend and/or supplement this Objection in the event that a sale of the Property as currently proposed is not consummated, given that the proposed Plan fails to provide an alternative in the event the sale does not go forward; provide for appropriate treatment of its claim (both pre and post-petition) and continue to make post-petition payments as they come due during the sale of the home.

WHEREFORE, Creditor respectfully requests that this Honorable Court deny confirmation of Debtor's proposed Second Amended Chapter 13 Plan.

Dated: November 6, 2025

Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2020-1,
By its Attorneys,

/s/ Brian M. Kiser
Brian M. Kiser, Esq. BBO#673022
Marinosci Law Group, P.C.
275 West Natick Road, Suite 500
Warwick, RI 02861
Telephone: (401) 234-9200
bkiser@mlg-defaultlaw.com
bkinquiries@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

IN RE:

John Malone,

        Debtor.

Case No. 24-10885 (CJP)

Chapter 13

## CERTIFICATE OF SERVICE

    I, Brian M. Kiser, of Marinosci Law Group, P.C., do hereby certify that on November 6, 2025, I served a copy of the *Objection to Confirmation of Debtor's Second Amended Chapter 13 Plan* on the attached service list by mailing a copy of same by first class mail, postage prepaid or other method specified on service list.

    Signed this 6th day of November, 2025.

                        /s/ Brian M. Kiser
                        Brian M. Kiser, Esq. BBO#673022
                        Marinosci Law Group, P.C.
                        275 West Natick Road, Suite 500
                        Warwick, RI 02861
                        Telephone: (401) 234-9200
                        bkiser@mlg-defaultlaw.com
                        bkinquiries@mlg-defaultlaw.com

**VIA ECF**
John A. Ullian., on behalf of the Debtor
Richard King, on behalf of the Assistant U.S. Trustee
Carolyn Bankowski, on behalf of the Trustee
Marcus Pratt, Esq., on behalf of The Bank of New York Mellon FKA The Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee on behalf of the certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity

**VIA US MAIL**
John Malone
28 Savin Hill Avenue
Dorchester, MA 02125