**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In Re:

    John Malone,                                                      Chapter 13
                                                                                Case No. 24-10885

    Debtor

_____

**SECOND INTERIM FEE APPLICATION OF THE LAW FIRM OF ULLIAN AND ASSOCIATES, P.C. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR**

The Law Firm of Ullian & Associates, P.C. ("Ullian"), counsel to John Malone ("Debtor"), hereby makes application to this Court, pursuant to Section 330 of Title 11 United States Code ("Bankruptcy Code") and Local Bankruptcy Rule 2016-1 for an allowance of compensation in the amount of $4,777.80 for services rendered which includes $73.80 of expenses. In support of this application, Ullian provides the following information:

**PROCEEDINGS**

    1. On May 8, 2024, Debtor filed a voluntary petition for reorganization under Chapter 13 of the Bankruptcy Code. On that same date, an Order for Relief was entered. Debtor retained Ullian on April 11, 2025.

    2. A First Fee Application was submitted on October 9, 2025 covering the period until October 9, 2025 for $9,816.50 in fees and $318.65 in expenses. It was approved on November 19, 2025.

    3. This application presents the following detailed statement of services in support of Ullian's Request for Compensation:

        a. A detailed summary highlighting the services rendered by each attorney for and on behalf of the Debtor during the period of this Second Interim Fee Application; and

        b. A detailed description of the number of hours expended by each attorney, his/her respective and customary hourly rate as per the applicable time period, and the amount of compensation incurred (Exhibit A); and

        c. A detailed listing of all expenses and disbursements (Exhibit B).

4. The above and foregoing narrative and supplemental exhibits should provide enough specificity for the Court to evaluate the services provided by Ullian and enable the Court to find as follows: that the services, as detailed herein, were actual, necessary and valuable to the estate; that the time expended by each attorney and amount of compensation sought are justifiable and reasonable; that the services provided were strictly legal in nature and that each legal task was delegated to each attorney commensurate with his/her experience.

5. The detailed summary of all legal services performed by Ullian should merit the Court awarding Ullian the full amount of compensation requested herein.

6. The broad range of services (primarily in insolvency, reorganization, and workout) practiced by Ullian, and the law firm's knowledge and experience in these matters, rendered Ullian uniquely qualified to confront the issues presented in this case, to resolve them quickly and efficiently, and to work effectively with creditors.

7. The fee requested by Ullian represents the number of hours worked by its attorneys billed at the hourly rate then applicable to Ullian's bankruptcy clients alike, and reflects the factors to be considered in determining a reasonable fee; e.g., <u>Boston and Maine Corp. v. Moore</u>, 776 F.2d 2, 6-7 (1st Cir. 1985); <u>Furtado v. Bishop</u>, 635 F.2d 915, 919-20 (1st Cir. 1980). These factors include the following:

    a. <u>The time and labor required.</u> Exhibit A set forth in detail the time and labor expended by Ullian's attorneys in the representation of the Debtor. Ullian submits that the number of hours expended are reasonable and necessary in the light of the nature of Debtor's financial situation. Ullian further submits that the firm's time reflects no duplication of effort.

    b. <u>Novelty and the difficulty of the questions involved.</u> The legal services required in this case presented the challenge to enable the Debtor - who was under severe financial pressure, had various health issues, and with a very low offer on his real estate – to void that sale and ultimately sell his home for significantly more money and file a feasible Amended Plan with at 100% dividend to unsecured creditors. The legal services during

this time included addressing Objections to Plan; addressing Responses to Motion to Sell; reviewing Counteroffers; discussions with the Debtor, his closing attorney, the City of Boston Age Strong Commission, the City of Boston Inspectional Services Department, bidders and their counsel, and the Trustee and her counsel; and multiple Court hearings.

    c. <u>Skill necessary to perform the legal services.</u>  These proceedings required expertise in bankruptcy, the Bankruptcy Code and bankruptcy procedure.  This matter required substantial time and effort to ultimately resolve this favorably for Debtor, and time was of the essence as counsel was coming into the case as successor counsel.

    d. <u>Customary fee.</u>  The hourly rates requested herein are those regularly charged to all of Ullian's clients in Bankruptcy and non-bankruptcy matters alike and are consistent with those charged by comparable law firms concentrating in insolvency and reorganization matters in the Boston metropolitan area.  It should be noted Attorney John Ullian agreed to charge $375.00 per hour at the inception of this case and Attorney Amy Puliafico charged $320.00 per hour at the inception of this case.

    e. <u>Whether the fee is fixed or contingent.</u>  Ullian's agreement with the Debtor was that Ullian would be compensated for services rendered and expenses incurred based on an hourly fee allowed by the Court.  Ullian did not agree to represent the Debtor on a contingent fee basis.

    f. <u>The experience, reputation, and ability of the attorneys.</u>  Set forth in Exhibit A attached hereto is a listing of Ullian's attorneys who have rendered services in this case. Also set forth in Exhibit A are the hourly rates of these attorneys.  The Bankruptcy Court in this district is familiar with the reputation and skill of this law firm.  The attorneys involved in this case have had substantial experience in insolvency, reorganization and bankruptcy law.

8. There is no agreement or understanding between Ullian or any other person for the sharing of compensation requested in this application.

**WHEREFORE,** The Law Firm of Ullian & Associates, P.C. requests, pursuant to 11 U.S.C. Section 330, allowance of compensation in the amount of $ for services rendered by The Law Firm of Ullian & Associates, P.C. as counsel for the Debtor and reimbursement of $73.80 in expenses.

Respectfully submitted this 16th day of January, 2026.

The Law Firm of Ullian & Associates, P.C.

/s/ John Ullian
John Ullian, Esq. BBO # 542786
220 Forbes Road, Suite 106
Braintree, MA 02184
(781) 848-5980

## EXHIBIT A
## John Malone
## 24-10885

| **Attorney** | **Rate** |
|---|---|
| John Ullian (JU) | $375.00 |
| Amy Puliafico (AP) | $320.00 |

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 10/10/25 | AP | Reviewed Notice of Hearing. | .1 | $32.00 |
| 10/14/25 | AP | Telephone call to Clerk's office regarding scheduling Motion to Sell hearing.  Review Notice of Hearing, drafted, filed and mailed Notice of Hearing.  Reviewed Attorney Pratt's Notice of Hearing.  Received two pay off statements and emailed to Attorney Coppo.  Reviewed email from Alberto Barrera to John Almazbek regarding ex parte communications. | .4 | $128.00 |
| 10/15/25 | AP | Reviewed email from Attorney Bankowski, called and then sent her email. | .1 | $32.00 |
| 10/23/25 | AP | Reviewed Federal Home Loan's Response to Motion to Sell. | .1 | $32.00 |
| 10/29/25 | AP | Reviewed email from Attorney Pasciucco and replied. | .1 | $32.00 |
| 11/4/25 | AP | Reviewed Bank of New York Mellon's Response to Motion to Sell. | .1 | $32.00 |
| 11/6/25 | AP | Reviewed Federal Home Loan's Objection to Plan. | .1 | $32.00 |
| 11/7/25 | AP | Reviewed Boston W&S' Limited Opposition to Motion to Sell.  Multiple emails with Attorney Coppo. | .2 | $64.00 |
| 11/8/25 | AP | Drafted, filed and mailed Response to Federal Home Loan's Objection to Plan, Response to Boston W&S' Limited Opposition, Response to Bank of New York Mellon's Response, and Response to Federal Home Loan's Response.  Reviewed email from Attorney Coppo and replied.  Reviewed email from Attorney Pasciucco and replied. | 1.3 | $416.00 |
| 11/12/25 | AP | Reviewed email from Attorney Pratt and replied. | .1 | $32.00 |
| 11/17/25 | AP | Multiple emails with Attorney Coppo regarding closing and Inspectional Services invoice. | .3 | $96.00 |

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 11/18/25 | AP | Reviewed email from Attorney Coppo and replied. Reviewed email from Attorney Pasciucco and replied. | .1 | $32.00 |
| 11/19/25 | AP | Reviewed Court Orders and Attorney Pratt's Notice of Hearing. Emails with Attorney Kiser. Reviewed email from Attorney Pasciucco and replied. | .4 | $128.00 |
| 11/20/25 | AP | Reviewed Attorney Kiser's Notice of Hearing. Reviewed email from Attorney Pasciucco and replied. | .1 | $32.00 |
| 11/21/25 | AP | Reviewed email from Attorney Pasciucco and replied. | .1 | $32.00 |
| 11/24/25 | AP | Emails with Attorney Kiser. | .1 | $32.00 |
| 11/25/25 | AP | Drafted, filed and mailed Supplement to Motion to Sell. Reviewed Certificate of Conference. | .4 | $128.00 |
| 12/1/25 | AP | Reviewed email from Mr. D'Angola and replied. | .1 | $32.00 |
| 12/3/25 | AP | Reviewed email from Attorney Pratt and replied. | .1 | $32.00 |
| 12/8/25 | AP | Reviewed Order and Notice of Intent to Sell. Reviewed email from Attorney Bankowski and replied. Looked into case and emailed Attorney Coppo. Tried to call client (telephone still out of service), sent email to client. Reviewed email from Attorney Pasciucco and replied. | .5 | $160.00 |
| 12/9/25 | AP | Drafted, filed, and mailed Certificate of Service with Notice of Intent to Sell. Reviewed Attorneys Kiser and Pratt's Notice of Hearing. Sent email to Clerk regarding Zoom. Sent email to Attorney Coppo with update. | .4 | $128.00 |
| 12/15/25 | AP | Reviewed email from Attorney Jacobs and replied. Reviewed emails from Attorney Clifford and Attorney Coppo with offer and replied. Sent email to client. | .4 | $128.00 |
| 12/16/25 | AP | Emailed Attorney Coppo and reviewed response. Emailed client. Left voicemail for John Meany. Reviewed offers from Almazbek and Mackin. Prepared notes for hearing. Sent email to client. | .6 | $192.00 |
| 12/17/25 | AP | Two telephone calls with Elsie Dias. Telephone call | 1.0 | $320.00 |

| | | | | |
|---|---|---|---|---|
| | | with client. Reviewed email from Mackin. Zoom Court hearing. Reviewed email from Attorney Pasciucco and replied. | | |
| 12/19/25 | AP | Reviewed Court Orders. | .1 | $32.00 |
| 12/29/25 | AP | Reviewed Attorney Pratt and Attorney Kiser's Notices of Hearing. Drafted and mailed correspondence to client. | .3 | $96.00 |
| 1/6/26 | AP | Sent email to client (telephone number is not working). | .1 | $32.00 |
| 1/12/26 | AP | Sent email to client (telephone number is not working). | .1 | $32.00 |
| 1/13/26 | AP | Prepared notes. Travel to and from Court. At Court for hearing. Edited Proposed Order and sent to Trustee with question. Correspondence to Attorney Clifford to return deposit. Sent email to Attorney Coppo. | 3.1 | $992.00 |
| 1/14/26 | AP | Reviewed email from Trustee and replied. Reviewed Motion for Reimbursements. Edited and sent draft Proposed Order to Attorneys Remer, Bankowski, Mahoney, Pratt, and Kiser and to Mr. Almazbek. Drafted and mailed correspondence to client. Emails with Attorney Coppo. | .7 | $224.00 |
| 1/14/26 | AP | Started drafting Fee Application. | .4 | $128.00 |
| 1/15/26 | AP | Reviewed emails from Attorneys Bankowski, Pratt, Kiser and Mahoney and from Mr. Almazbek; replied. Sent email to client. Reviewed email from Attorney Coppo and replied. | .3 | $96.00 |
| 1/16/26 | AP | Drafted, filed and mailed Notice with Proposed Order. Telephone call with Attorney Remer. Left voicemail for Attorney Smith. Emailed Attorney Coppo. Email to Elsie Dias (Boston Age Strong Commission). | .8 | $256.00 |
| 1/16/26 | AP | Finalized and filed Fee Application and Motion to Approve. | .6 | $192.00 |
| Anticipated | AP | Communication with client regarding Motion for Administrative Claim and closing and Objection. Communication with Attorney Coppo regarding closing and distribution of funds. | 1.0 | $320.00 |

| **Attorney** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| John Ullian | 0 | $375.00 | $0.00 |
| Amy Puliafico | 14.7 | $320.00 | $4,704.00 |
| Total | | | $4,704.00 |

**EXHIBIT B**
**John Malone**
**24-10885**

### Summary of Disbursements

| Description | Amount |
|---|---|
| Parking | $29.40 |
| Postage | $44.40 |
| **Total** | **$73.80** |

### Summary of Fees and Expenses

| | |
|---|---|
| Professional Services Rendered | $4,704.00 |
| Disbursements | $73.80 |
| **TOTAL** | **$4,777.80** |