**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In Re:
**John Malone,**  Chapter 13
    **Debtor**  Case No. 24-10885

_____

**DEBTOR'S OBJECTION TO**
**MOTION FOR APPROVAL OF ADMINISTRATIVE CLAIM**

    Now comes the Debtor and files this Objection to the Motion for Approval of Administrative Claim filed by Janyuzak Almazbek.  Only one expense may rise to the level of administrative claims and even then Mr. Almazbek has not provided proof he actually paid any of these expenses. In support of this objection the Debtor states as follows:

1. Debtor denies he owes Mr. Almazbek $14,197.60 as an administrative claim.

2. Mr. Almazbek is seeking return of $4,000.00 which was a deposit from his Purchase and Sale Agreement.  According to the Purchase and Sale Agreement, that deposit was held by Mr. Almazbek's attorney, Kyle Smith, and should be returned by Attorney Smith, not the Debtor.

3. Based on the limited information provided in the request, it appears that the $840.00 for "tax professional filing taxes" could be considered an administrative claim.

4. Administrative claims for the "actual, necessary costs and expenses of preserving the estate" are governed by §503(b)(1)(A).  In order to qualify as an administrative expense, a post-petition debt "'must have arisen from a transaction with the debtor in possession' and must then confer a benefit on the debtor's estate." In re: Phones for All, Inc., 288 F.3d 730, 732 (5th Cir. 2002), *citing* In re: Commercial Financial Services, Inc., 246 F.3d 1291, 1294 (10th Cir. 2001).  "A debt is not entitled to priority simply because the right to payment arises after the debtor in possession has begun managing the estate." Trustees of Amalgamated Ins. Fund v. McFarlin's, 789 F.2d 98, 101 (2d Cir. 1986) (quoting In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976))

5. It is Debtor counsel's concern that many of these expenses may have been to pressure the Debtor into accepting a very low offer for the property, not to benefit the estate.

6. Mr. Almazbek has the burden of proof and has not provided any argument as to the benefit to the estate of the alleged expenses.

7. Additionally, Mr. Almazbek has not provided proof that he actually paid any of these expenses.

    WHEREFORE, the Debtor requests the Court as follows:

1. The Motion for Approval of Administrative Claim be denied.

2. For such other and further relief as the court deems just.

                                                  Debtor,
                                                  by his attorney,

Dated:  January 20, 2026                   /s/ John Ullian
                                                  John Ullian, Esq. BBO No. 542786
                                                  Amy Puliafico, Esq. BBO No. 682332
                                                  The Law Firm of Ullian & Associates, Inc.
                                                  220 Forbes Road, Suite 106
                                                  Braintree, MA 02184
                                                  (781) 848-5980

**CERTIFICATE OF SERVICE**

      I, John Ullian, hereby certify under the pains and penalties of perjury that I served the foregoing **DEBTOR'S OBJECTION TO MOTION FOR APPROVAL OF ADMINISTRATIVE CLAIM** by ECF or mailing a copy of same postage prepaid to all interested parties listed below:

| | |
|---|---|
| Office of the US Trustee<br>John W. McCormack Post Office and Courthouse<br>5 Post Office Square, 10th Floor, Suite 1000<br>Boston, MA 02109 | Carolyn Bankowski<br>Chapter 13 Trustee<br>PO Box 8250<br>Boston, MA 02114 |
| John Malone<br>28 Savin Hill Avenue<br>Dorchester, MA 02125 | Janyuzak Almazbek<br>John.almaz1@gmail.com<br>(Notice via email) |

Dated: January 20, 2026     /s/ John Ullian
                                                 John Ullian, Esq.
                                                 Ullian & Associates, Inc.
                                                 220 Forbes Road, Suite 106
                                                 Braintree, MA 02184
                                                 (781) 848-5980
                                                 BBO No. 542786