**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

JOHN MALONE,
Debtor

Chapter 13
Case No. 24-10885-CJP

**TRUSTEE'S LIMITED OBJECTION TO CREDITOR JANYUZAK ALMAZBEK'S MOTION FOR REIMBURSEMENT OF ADMISTRATIVE EXPENSES**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Chapter 13 Trustee"), and files this Limited Objection to the Motion for Reimbursement of Administrative Expenses ("The Motion") filed by Janyuzak Almazbek ("Creditor") and states as follows:

1. It is not clear from the Motion whether the Creditor is asking the Court to allow an administrative claim against the Debtor's bankruptcy estate or whether the Creditor is seeking reimbursement of expenses from the funds the Court ordered held back from the net proceeds resulting from the Debtor's sale of his residence pursuant to the allowed Motion to Sell. If the intent is to be reimbursed through the held back funds, the Trustee has no objection to the Debtor paying the Creditor from his exempt funds subject to the concerns raised below and any objections raised by the Debtor. If the intent is to have an allowed administrative claim against the bankruptcy estate, the Trustee objects to the Creditor being reimbursed from the bankruptcy estate as there are funds held back for the purpose of reimbursement to the Creditor.

2. In addition, the Creditor has failed to establish that he is entitled to an administrative expense. Section 503 of the bankruptcy code governs administrative expense claims and of the type of claims specifically allowed as an administrative expense. For a post-petition debt to qualify as a necessary preservation expense, it must satisfy two requirements: (1) it must have arisen from a transaction with the estate; and (2) it must have benefitted the estate in some demonstrative way. The administrative claimant has the burden of proof as to both

requirements of the statute. In re Smith, 2004 Bankr. LEXIS 1586 (Bankr.W.D. Arkansas 2004), *citing* 4 Collier on Bankruptcy P. 503.06[3] (Alan N. Resnick & Henry J. Sommer et al. eds., 15th ed. Rev. 1993) *and* In re Section Land Group, Ltd. 261 B.R. 771 (Bankr.M.D.Fla. 2000); In re La Electronica, Inc., 995 F.2d 320 (1st Cir. 1993); In re Hemingway Transport, Inc. 954 F.2d 1 (1st Cir. 1992).

3. In the instant case, the Creditor has provided a list of expenses without any documentation. The Creditor lists "cash advances" but fails to state the dates and purpose of these cash advances, and fails to provide the dates when other expenses were incurred and/or funds were advanced. Further, it is not clear how these expenses benefitted the bankruptcy estate and how the funds were disbursed.

4. In addition, the Creditor lists an expense of "$4,000 deposit return from P&S" but fails to explain why these funds would be refunded from the Debtor. According to the Purchase and Sale Agreement that was part of the original Motion to Sell the deposit funds are being held by Statera Law Firm, the attorneys who were representing the Debtor for the real estate transaction. If there are deposit funds that are due to the Creditor under the terms of the prior Purchase and Sale Agreement those funds would be held by Statera Law Firm and not the Debtor, and any reimbursement would be from Statera Law Firm.

5. The Creditor may be entitled to reimbursement for some of the expenses, and as stated above, if they are to be reimbursed from funds being held back from the net proceeds of the sale of the Debtor's residence the Trustee does not object provided the Creditor has produced sufficient documentation to evidence to the Court that he is entitled to the reimbursement and provided that the Debtor does not object to the reimbursement from those held back funds.

WHEREFORE, the Trustee respectfully requests that the Court deny schedule a hearing on the Motion and grant such other relief as this court deems proper.

Dated: January 21, 2026          Respectfully submitted,

                                            Carolyn A. Bankowski
                                            Standing Chapter 13 Trustee
                                            /s/ Patricia A. Remer
                                            Carolyn A. Bankowski, BBO#631056
                                            Patricia A. Remer, BBO #639594
                                            Office of the Chapter 13 Trustee
                                            PO Box 8250
                                            Boston, MA  02114-0022
                                            (617) 723-1313
                                            13trustee@ch13boston.com

### Certificate of Service

The undersigned hereby certifies that on January 21, 2026, a copy of the Trustee's Limited Objection was served via first class mail, postage prepaid, or by electronic notice, on the debtors and debtors' counsel, and Creditor John R. Passarini, at the addresses set forth below.

John Malone
28 Savin Hill Avenue
Dorchester, MA 02125

John A. Ullian
The Law Firm of Ullian & Asociaste, P.C
220 Forbes Road, Suite 106
Braintree, MA 02184

Janyuzak Almazabek
42 Summer Street
West Roxbury, MA 02132

                                            /s/Patricia A. Remer
                                            Patricia A. Remer, BBO#639594