UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

John Malone,                                                                    Chapter 13
                                                                                Case No. 24-10885
Debtor

_____

**ORDER**

      The Debtor's Motion to Sell Real Property Free and Clear of Liens [ECF No. 183], as supplemented by ECF No. 212 (together, the "Motion") having come before the Court for hearing, pursuant to which the debtor, John Malone, (the "Debtor") seeks to sell the estate's interest property located at 26 Savin Hill Avenue, Boston, MA (the "Property"), sufficient notice of an opportunity for a hearing on the Motion having been given as reflected in the certificates of service filed with the Court, any objections and responses to the Motion having been resolved or have otherwise been overruled, the Motion is GRANTED, good cause appearing for the relief requested upon consideration of the Motion, the arguments presented at the hearing and the entire record of this case, for the reasons stated at the record of the hearing and in this Order, the Court hereby orders, pursuant to 11 U.S.C. §§ 105, 363(f), and Fed R. Bankr. P. 6004, that the contemplated sale of the Property be consummated on the terms and conditions as described in the Motion and purchase and sale agreement dated September 10, 2025 attached to the Motion (the "P&S Agreement"), and that the proceeds of the sale of the Debtor's real estate shall be distributed, as follows:

1. Debtor is authorized to sell the property at 26 Savin Hill Avenue, Boston to 28 Berkshire Avenue LLC for $765,000.00 and a life estate pursuant to the P&S Agreement.

2. Debtor is authorized to sell the real estate free and clear of all liens, claims, interest and encumbrances with the same attached to the proceeds of the sale subject to their validity and order of priority.

3. Debtor is authorized to execute such documents as are necessary and incidental to the consummation of the transaction.

4. At the closing, the Debtor shall pay the following from closing proceeds:

   a. the mortgage to Federal Home Loan Mortgage Company (c/o NewRez LLC d/b/a Shellpoint Mortgage Servicing) in full,
   b. the mortgage to The Bank of New York Mellon in full,
   c. any outstanding property taxes, and trash charges to the City of Boston in full,
   d. any outstanding water and sewer charges to the Boston Water and Sewer Commission in full,
   e. $7,278.39 to the City of Boston Inspectional Services/Action Emergency Management,
   f. $14,197.60 shall be held in escrow by Attorney Coppo until further Order of this Court,

    g. $17,204.71 to the Chapter 13 Trustee to pay the Plan in full. However, the case is preconfirmed so if any additional sums are due upon final accounting, the Debtor will pay such sums within ten (10) days of notice from the Trustee,

    h. $4,777.80 to The Law Firm of Ullian & Associates, P.C. to be held in escrow pending Court approval of a fee application, and

    i. the Debtor's closing fees and costs, including to his real estate attorney, Andrew Coppo.

5. Within forty-five (45) days of the date of this Order, the Debtor shall file a Status Report Regarding Sale of Estate Property, pursuant to Rule 13-14(c) of Appendix 1 of the Massachusetts Local Bankruptcy Rules.

6. Debtor shall provide a copy of the executed Settlement Sheet to the Chapter 13 Trustee within ten days after the closing.

7. All proceeds from the sale after payments per clause number 4 shall be property of the Debtor.

8. Notwithstanding the provisions of Bankruptcy Rule 6004(h), and there being good cause, this Order shall be effective and enforceable immediately upon entry and shall not be stayed.

Date: January 30, 2026

_____
Christopher J. Panos
United States Bankruptcy Judge

2