# Motion to clarify

Case #24-10885
Debtor: John Malone

1. I gave $4,000 to Mr. Malone with the offer to purchase, not P&S. This issue was raised last year in January, 2025 hearing by the trustee Ms. Bankowski of how Mr. Malone obtained funds to pay for his legal fees.
2. During the January 13th, 2026 hearing Judge Panos ordered $14,000 the funds set aside.
3. I'm only looking to get reimbursed from debtor's exempt funds, not the bankruptcy estate.
4. Mr. Malone's has given a very clear instruction to his real estate attorney Andrew Coppo to disburse funds that he owes me from his net proceeds.
5. If you carefully read the objection, **the objection is coming from the attorney**. The attorney took the liberty of objecting to my motion on his own. Even though **Mr. Malone has given clear instructions for me to get reimbursed**. The objection is **frivolous** and personal vendetta against me and **should be stricken down.**
6. Every single expense, which was filed benefited Mr. Malone and his estate.
7. It's all my out of pocket expenses which Mr. Malone requested me to pay on his behalf.
8. Mr. Malone numerous times lost his wallet and his card was blocked. He would ask me to give him money $7,032 during the course of May 2024 till September 2025, buy food and groceries $1,344 and pay for other expenses on my motion.
9. I helped him to pay $350 Suffolk County Sheriff to evict 1st floor tenants.
10. $200 was paid to the Bankruptcy trustee.
11. Mr. Malone for many years didn't file his taxes. During the June 2024 hearing, the trustee pressed him to file taxes, otherwise his bankruptcy would be dismissed. He asked me to pay for his tax preparation of $840.

12. Uber and Lyft rides were given to Mr. Malone to his attorney Ulian's office in Braintree, doctor's visit, bank visit…etc. Mr. Malone again greatly benefited by getting those rides and taking care of his business.
13. Best Buy $112.60. Mr. Malone printer was out of ink. I had to go to Best Buy in South Bay to buy a cartridge, so he can fill out his paperwork.
14. 35.01 Home Depot and Plexiglass. Mr Malone wanted to buy and made me pay for those.

Conclusion, I should get fully reimbursed $14,197.60 for the following reasons:

1) It arose from the transaction with the estate.
2) It benefited the estate in every single way. **Without me, there would be no estate.**
3) A **frivolous objection** made by the attorney, clearly ignoring the signed instruction from the debtor to reimburse me from his net proceeds.

WHEREFORE, I respectfully request the Court to approve my motion and if necessary schedule a hearing on my motion.

February 2nd, 2026.

Respectfully submitted,
Janyuzak Almazbek

42 Summer street, West Roxbury, MA 02132
781-927-4318
john.almaz1@gmail.com

## Certificate of Service

The undersigned hereby certifies that on February 2nd, 2026 a copy of Motion to Clarify was served via first class mail to debtor and by electronic notice on the debtor's counsel and Chapter 13 trustee, at the addresses set forth below.

John Malone
26 Savin Hill avenue, Dorchester, MA 02125

John A. Ulian
The Law Firm of Ulian&Associate, P.C
amyp@ulianlaw.com
john@ulianlaw.com

Office of the Chapter 13 Trustee
13trustee@ch13boston.com

Janyuzak Almazbek