**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br>MALONE, John<br><br>Debtor(s) | Chapter 13<br>Case No. 24-10885-CJP |

# ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan on October 9, 2025 (the "Plan"). The Debtor(s) filed a Certificate of Service on October 9, 2025 reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 17 months.

2. The Plan payments are:

   $100.00 per month for 3 months

   $35,691.00 lump sum payment in month 17 from sale proceeds

3. Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131, Memphis, TN 38101-1131.

4. The effective date of confirmation of the Plan is June 1, 2024. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached Summary of Disbursements To Be Made Under the Plan (the "Summary") which is incorporated by reference. Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

5. Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of

the plan and shall vest in the Debtor(s) as set forth in section 9 of the Summary. All property of the estate shall remain within the exclusive jurisdiction of this Court. The Debtor(s) shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court. The Debtor(s) shall be responsible for preserving and protecting property of the estate.

6. The Debtor(s) shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case. The Trustee shall file a motion to modify the Plan pursuant to 11 U.S.C. § 1329 if the Trustee determines that any change in income or assets may be available to increase the dividend to creditors. The foregoing provision is in addition to any obligation of the Debtor(s) to file amended schedules in the event of any such increase.

By the Court,

Dated:

______________________________
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br>MALONE, John<br><br>Debtor(s) | Chapter 13<br>Case No. 24-10885-CJP |

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

**1. Unmodified Secured Claims**

NONE

**2. Modified Secured Claims**

NONE

**3. Liens Avoided under 11 U.S.C. § 522(f)**

NONE

**4. Surrender of Collateral**

NONE

**5. Priority Claims**

MDOR shall receive $4,947.81

**6. Administrative Expenses**

John Ullian, Esq. will be paid attorney fees in the sum of $10,135.65 over 12 months.

---

**7. Unsecured Claims**

The holders of general unsecured claims totaling $17,308.00 shall receive a dividend of no less than 100%.

---

**8. Executory Contracts**

NONE

---

**9. Vesting of Property of the Estate**

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon the entry of the discharge. If the debtor(s) does not receive a discharge, property of the estate will vest in the Debtor(s) upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) the dismissal of the case.

---

**10. Nonstandard Provisions**

1. Administrative claims payable to The Law Firm of Ullian & Associates, PC shall be payable over the first 12 months after confirmation, subject to the provisions of Part 4.C.1.
2. The inclusion of a claim in this Plan is not an admission as to the amount of the claim, the Debtor reserves the right to object to the claim.
3. Debtor has filed a Motion to Sell his real estate at **26 Savin Hill Avenue, Boston, MA**. Directly from the sale proceeds, he shall pay the secured claims of Boston Water and Sewer Commission, Bank of New York Mellon, and Federal Home Loan Mortgage Company in full. He shall then turn over all remaining sale proceeds to the Trustee to pay the Plan in full.